R. Nathan Gibbs, Esq.
R. NATHAN GIBBS, LTD.
Nevada Bar No. 005965
5280 S. Eastern Avenue, Suite D-2
Las Vegas, NV 89119
Email: rng@ngibbslaw.com
Office (702) 471-7454
Fax (702) 471-6432
Attorney for Plaintiff, **KATHRYN SAUN**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEVADA

| In re: | BK-S-12-17275-LBR |
|---|---|
| THOMAS ANDREW JURBALA and MARIA CATELLO JURBALA, aka MARIA A. CATELLO, | Chapter 7 |
| Debtors. | |

| KATHRYN SAUN, | |
|---|---|
| Plaintiff, | Adversary No. |
| vs. | |
| THOMAS ANDREW JURBALA, | |
| Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGABILITY/OBJECTING TO DISCHARGABILITY**

COMES NOW Plaintiff, KATHRYN SAUN (hereinafter referred to as "KATHRYN"), by and through her attorney of record, R. NATHAN GIBBS, ESQ., of the law offices of R. NATHAN GIBBS, LTD., and for her complaint against Defendant, THOMAS ANDREW JURBALA, (hereinafter referred to as "THOMAS") complains, alleges and states as follows:

**FIRST CLAIM FOR RELIEF**
**Nondischargeability Pursuant to 523(a)(5)**

1. THOMAS filed a Chapter 7 Voluntary Petition on June 20, 2012.

2. KATHRYN is listed as a creditor on the Debtor's Bankruptcy schedules.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §727, and 11 U.S.C. §523. This is an action arising in or related to the bankruptcy case and is therefore a core proceeding.

4. KATHRYN is informed and believes and therefore avers that Defendant THOMAS is and at all times relevant was an individual residing in Clark County, Nevada.

5. The parties hereto, KATHRYN and THOMAS, were acquainted because THOMAS is the former spouse of KATHRYN, having divorced via a Decree of Divorce filed on March 8, 2002, a copy of which is attached hereto as Exhibit "1".

6. As a term of said Decree of Divorce KATHRYN was awarded joint physical custody of the minor children, HALEY ANN JURBALA and EMILY KAYE JURBALA, and THOMAS was ordered to pay child support to KATHRYN in the amount of $800.00 per month based upon the disparity of income.

7. The child support obligation was reduced in or about June 2010 to $450.00 per month. THOMAS eventually fell behind in his child support obligations to KATHRYN, and accrued prepetition child support arrears, which at the time of the filing of his bankruptcy petition, totaled $18,653.29, exclusive of statutory interest and penalties.

8. Pursuant to NRS 125B.140 and NRS 125B.095 KATHRYN is entitled to an award of a statutory penalty at the rate of 10% per annum and an award of interest at a rate established pursuant to NRS 99.040 on the delinquent child support payments.

9. The prepetition child support arrears as well as any post petition arrears meet the definition of a domestic support obligation under the Bankruptcy Code and accordingly are nondischargable pursuant to 11 U.S.C. 523(a)(5).

10. THOMAS understated the amount of child support arrears, and accordingly KATHRYN is obliged to bring this action to determine the dischargability and amount. KATHRYN seeks and is entitled to a judgment of nondischargability as to the child support arrears, together with any statutory penalties and interest, as well as attorneys fees and costs incurred in bringing this action, pursuant to NRS 125B.140.

///

1   11. Accordingly KATHRYN is entitled to a judgment of nondischargability as child
2   support arrears in the principal amount of $18,653.29, together with interest and statutory penalties
3   thereon and an award of attorneys fees and costs incurred.

**SECOND CLAIM FOR RELIEF**
**Nondischargability Pursuant to 523(a)(15) and/or 523(a)(5)**

6   12. KATHRYN repeats and realleges the allegations set forth in paragraphs 1 through 16
7   as though fully set forth fully herein.

8   13. THOMAS and KATHRYN were married to each other on or about April 20, 1996,
9   in Clark County, Nevada.

10  14. During the course of the marriage, the parties acquired various assets, which were
11  divided by virtue of a Decree of Divorce and the Marital Settlement Agreement, a copy of which is
12  attached hereto as Exhibit 1.

13  15. Under that Decree of Divorce, THOMAS was obligated to pay KATHRYN the sum
14  of $1,000,000.00 in installment payments (See Promissory Note attached to the Decree of Divorce)
15  as well as other payments for her share of marital assets.

16  16. THOMAS failed to pay the balance of the monies due under the Decree of Divorce,
17  and accordingly further litigation ensued between KATHRYN and THOMAS, which culminated in
18  a July 14, 2009 Stipulated Judgment (attached hereto as Exhibit "2") and a Settlement Agreement
19  attached hereto as Exhibit "3").

20  17. Pursuant to the terms of the parties' Stipulated Judgment and Settlement Agreement,
21  (See Exhibit 2, page 2) THOMAS owes KATHRYN the sum of $671,750.00, together with interest
22  thereon, and attorneys fees, as provided in paragraph I of Exhibit 2.

23  18. THOMAS further owes KATHRYN an ownership interest in Speedway Hotel and
24  Casino under the terms of the agreement.

25  19. THOMAS failed to pay any portion of the $671,750.00 he owes her under the
26  Stipulated Judgment and Settlement Agreement, and to date has failed to transfer title of the
27  condominium as provided in the Stipulated Judgment and Settlement Agreement either. THOMAS
28  understated the remaining balance due under the parties' Stipulated Judgment and Settlement

3

Agreement, and accordingly KATHRYN is obliged to bring this action to determine the dischargability and amount.

20. The monies owed to KATHRYN under the parties' Stipulated Judgment and Settlement Agreement (Exhibits 2 and 3) constitute a debt not of the kind described in paragraph 5 of 11 U.S.C. Section 523(a) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, and accordingly are nondischargeable pursuant to the 11 U.S. C. 523(a)(15).

21. In the alternative, the monies THOMAS owes to KATHRYN under the parties' Stipulated Judgment and Settlement Agreement (Exhibits 2 and 3) constitute a domestic support obligation and are not dischargeable pursuant to 11 U.S.C. section 523(a)(5).

22. As a result, KATHRYN is entitled to a judgment of Nondischargability pursuant to 11 U.S.C. § 523(a)(15), and/or 11 U.S.C. § 523(a)(5) in the alternative, or if a discharge is entered notwithstanding this complaint, for an order revoking said discharge.

Wherefore KATHRYN is entitled to judgment in her favor as follows:

1. For and Order holding that THOMAS' debts to Plaintiff are nondischargable pursuant to 523(a)(5) and 523(a)(15);

2. For judgment against Defendant THOMAS and in favor of KATHRYN an the amount to be proven at the time of trial, together with interest at the legal rate until paid in full, together with costs of suit and attorney's fees incurred herein.

DATED this 18th day of September, 2012.

R. NATHAN GIBBS, LTD.

/s/R. Nathan Gibbs
R. NATHAN GIBBS, ESQ.
Nevada Bar No. 005965
5280 South Eastern Avenue, Suite D-2
Las Vegas, Nevada 89119
Attorney for Plaintiff, **KATHRYN SAUN**